Daniel Eugene LEWIS, Plaintiff in Error,.

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14061.

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1967.

Rehearing Denied Dec. 7, 1967.

---

855

McConnell & Rice, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Penn Lerblance, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Daniel Eugene Lewis, hereinafter referred to as defendant, was charged, tried and convicted for the crime of Burglary in the Second Degree, After Former Conviction of a Felony, in the District Court of Oklahoma County, and from the judgment and sentence pronounced in accordance with the verdict of the jury, fixing his punishment at 15 years in the state penitentiary, he appeals.

On appeal the defendant argues his assignments of error under six propositions. Three of these propositions are not properly before the Court since they either are not reflected by the record, or were not objected to with exceptions taken to the ruling of the court and preserved in the Motion for New Trial.

The first proposition supported by the record is that the trial court admitted State's Exhibit # 1 (crowbar, gloves and screwdriver) during redirect and rebuttal testimony. The defendant argues in his brief that the evidence should have been admitted as part of the State's case in chief and in support of this contention relies upon Corliss v. State, 12 Okl.Cr. 526, 159 P. 1015.

It is the State's position that:

"* * * the Corliss case is hardly authority in support of defendant's proposition. For in that case this Court held that,

'The order of introducing testimony and the character of rebuttal permitted by the court is largely discretionary. It is, however, most unfair to permit a complete rehash of the testimony introduced in chief.'

And yet the very wording of the defendant's objection on page 98 of the casemade is that this was 'new evidence' which is usually not considered 'rehash.'

It is clear, however, according to the authority of the defendant that the order of introducing evidence is 'largely discretionary.' This Court held in Wilson v. State, 32 Okl.Cr. 139, 240 P. 155, that:

'* * * The evidence complained of was probably admissible either as a part of the case in chief or in rebuttal.

If not properly rebuttal, the trial court would have been warranted in permitting the state to reopen its case in chief for the purpose of introducing the evidence in question. It is within the discretion of the trial court in furtherance of justice to permit evidence in rebuttal which would have been competent evidence in chief. Tingley v. State, 16 Okl.Cr. 639, 184 P. 599; State v. Williams, 49 W.Va. 220, 38 S.E. 495.' "

Under the authorities above set forth, we are of the opinion that this assignment of error is without merit.

The defendant's second proposition is based upon the following testimony of witness Wayne Van Winkle, the pertinent part thereof being as follows:

"Q. (BY MR. HORN) Have you talked to anyone in the County Attorney's office before today?

A. No, not that I remember.

Q. Have you talked to the police department before this on various occasions?

A. Just the night they came over and interviewed me.

Q. Not since that night?

A. Not to my knowledge.

Q. Did you, sometime ago, receive a phone call from defense counsel who offered to ask you questions?

* * * * * *

Q. Did you receive a phone call from someone, his name was Emmett Rice, and offer to ask you questions?

A. Yes, I did.

* * * * * *

Q. Did you tell that person that called and said that he was Mr. Rice, that the County Attorney advised you not to discuss the matter in any way?

A. I did tell him the first time he called that I did not know whether I was supposed to divulge information. I did not know what I was supposed to do. I had not been advised.

* * * * * *

A. I told him just what they told me to tell him.

Q. Who told you to tell him?

A. I called in and talked to a lady. I don't know what her name is.

* * * * * *

Q. Did they tell you not to discuss the case?

A. They advised me everything I had to say was in the record and the record was available at the County Courthouse."

The defendant now argues that he was deprived of a fair and impartial trial in that a material witness in said case was instructed not to discuss his testimony or the facts in the case with the defense counsel, thereby depriving defendant of an adequate investigation necessary to prepare a proper defense and that the defendant was without funds to pay for a deposition of said witness.

The material testimony of this witness in substance was that he saw someone leave the Turner Grocery Store and enter again on August 23, 1965 about 11:30 P.M. after closing hours and called the police.

■ It is apparent from the foregoing that the defendant was not denied any substantial right or privilege and doubtful that a full discussion with the State's witness would have been of any assistance to the defendant. It is noted from the record that the defendant failed to complain of this fact before the trial, during the examination of this witness, or even in his Motion for a New Trial. It is further noted that the defendant fails to cite any authority for his proposition. We have repeatedly held that where defendant cites no authority and is denied no fundamental right, the Court

of Criminal Appeals will not search the books for authorities. Austin v. State, Okl.Cr., 419 P.2d 569.

We are of the opinion that this assignment of error is without merit.

 It is lastly contended by the defendant that the punishment of fifteen years imprisonment is excessive. We here observe that the evidence amply supports the verdict of the jury, the punishment imposed is well within the range prescribed by law, and there is no error sufficient to justify this court in modifying the same.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, J., and NIX, P. J., concur.