Thomas Elisworth CONWAY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16225.

Court of Criminal Appeals of Oklahoma.

March 24, 1971.

J. Rex Spurr, Shawnee, for plaintiff in error.

Larry Derryberry, Atty. Gen., Robert Mitchell, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

Thomas Elisworth Conway, hereinafter referred to as "defendant," was charged, tried and convicted in the District Court of Pottawatomie County of the offense of Escape from a state prison, his punishment was fixed at two years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial revealed that the defendant was serving a thirty-five year sentence in the state penitentiary at McAlester. Elmer Joe Kirkpatrick, the prison athletic director, testified that on November 29, 1969, the defendant accompanied the prison football team to Shawnee in the capacity as a sports writer. After the game was completed he noticed that the defendant was missing. He was not given permission to leave the area.

Al Price, a prison guard, accompanied the team to Shawnee and testified substantially as the witness Kirkpatrick. Roy Johnson, the prison transportation officer, testified that he returned the defendant to the state on March 20, 1970, after picking him up at the county jail in Los Angeles. Virgil Choate, the record clerk, testified concerning the date of the escape and the return to the penitentiary.

The defendant testified that he did walk away from the football game, went to Oklahoma City and on to California. He had received letters to the effect that his mother was ill and wanted to see him before she died. He was working in California to help pay her bills when he was apprehended. He admitted that he left without permission and understood that he would receive special punishment when he was caught. He further admitted numerous prior offenses.

The first proposition of error contends the trial court erred in overruling his objection to the reading of the part of the information which stated: "for the crime of Robbery With Firearms AFCF," which

created among the minds of the jurors prejudicial influence against him. The defendant was charged under Title 21 O.S. 1961, § 443 which reads as follows:

"Any prisoner in either the State Penitentiary or State Reformatory sentenced thereto who escapes from such prison, either while confined therein, or while permitted to be at large as a trusty, is punishable by imprisonment in such prison for a term not less than two (2) years-or more than seven (7) years."

We are of the opinion that it is incumbent upon the state to set forth the reasons and grounds for which a defendant is legally incarcerated in the penal institution. A similar allegation in an information was approved by this Court in the case of Perry v. State, 80 Okl.Cr. 58, 157 P.2d 217. We further observe that the defendant admitted the offense and received the minimum sentence which would indicate a total absence of bias and prejudice on the part of the jury.

■ The next proposition asserts that trial court erred in admitting improper evidence at the trial. The defendant does not make reference to the particular error or cite authorities to support his allegations. This Court has consistently held that where there is no authority cited to support an assertion of error and that the defendant has been deprived of no fundamental right, that error will not be considered by the Court of Criminal Appeals. Sandefur v. State, Okl.Cr., 461 P.2d 954.

■ The defendant next asserts that he was denied a fair and impartial trial in that he was not delivered to the courtroom from the penitentiary until a few minutes prior to trial, thus depriving him of his right to benefit of counsel. The record does not reflect that the defendant objected, either prior, during or in his motion for a new trial that he was not ready for trial. The record reflects that the defend- . ant did in fact announce that he was ready for trial. We are of the opinion that the defendant would have been entitled to a continuance if he had been delivered minutes before trial and had properly requested such. This Court has previously held that matters occurring prior to trial and not shown in the record will not be considered by the Court of Criminal Appeals. Lewis v. State, Okl.Cr., 433 P.2d 854.

■ The defendant further asserts under the third proposition that he was denied his constitutional rights by reason of cruel and unusual punishment given him while in solitary confinement after the escape. The defendant concedes in his brief that the prison authorities had the right to prescribe special punishment under the provisions of Title 21 O.S.1961, § 443a. We are of the opinion that the solitary confinement as described by the defendant is not cruel and unusual punishment. The defendant testified on cross examination that he had not been physically abused and that he was familiar with the resulting special treatment for escapees prior to the date he escaped.

■ The final proposition contained in a supplemental brief alleges that the District Court of Pottawatomie County did not have jurisdiction or venue. This Court has recently held in the case of Baledge v. State, Okl.Cr., 479 P.2d 602, that the jurisdiction of the prosecution for escape from prison is in any county of the state.

In conclusion we find that the record is free of any error which would justify modification or reversal. The evidence of the State and that of the defendant overwhelmingly supports the jury's verdict. The punishment is the minimum allowed by law and under such circumstances we are of the opinion that the judgment and sentence should be and the same is affirmed.

NIX and BRETT, JJ., concur.