493 P.2d 926

**STATE of Arizona, Appellee,**

v.

**Jesse CARTER, Jr., III, Appellant.**

**Nos. I CA–CR 262, I CA–CR 263.**

Court of Appeals of Arizona,
Division 1,
Department B.
Feb. 18, 1972.
Review Denied May 31, 1972.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee; George E. Dix, Tempe, of counsel.

Raineri, Raineri & Raineri by Anthony J. Raineri, Scottsdale, for appellant.

HAIRE, Presiding Judge.

Jesse Carter, Jr., III, was tried in the Superior Court of Maricopa County, before a jury, and found guilty of aggravated battery and aggravated assault. A judgment of conviction was entered and the court imposed concurrent sentences of 3 to 4 years and 4 to 5 years, respectively. Two questions have been raised on this appeal: was it error for the trial court to permit the preliminary hearing testimony of the absent victim to be read into evidence; and, did the trial court err in allowing a prosecution witness to testify that the defendant had made vague threatening statements in her presence after the defendant discovered that she intended to testify against him at trial?

The events which led up to the crimes were as follows: Ronald Huddelston, the victim of the battery, and Jean Green spent the evening hours of May 6, 1969 drinking in a bar located in downtown Phoenix. Betty Jean Amos, the victim of the assault, was a barmaid at the establishment and a friend of Mr. Huddelston and Mrs. Green. The defendant was also a patron of the bar and apparently there was some social interaction among the parties during the course of the evening.

Ronald Huddelston and Jean Green left the bar at about 1:00 a.m. They had walked about one block when they were confronted by the defendant and another man. A scuffle ensued which resulted in Mr. Huddelston being struck and knocked to the ground. After reporting this incident to the police, Mr. Huddelston, Mrs. Green and Betty Jean Amos went to a nearby restaurant to eat. The defendant then appeared at the restaurant, pulled Miss Amos outside, and began to severely beat and kick her. Mr. Huddelston tried to intervene and he was also beaten by the defendant and another man.

Mr. Huddelston was not present at trial. Over the objection of defense counsel the trial court permitted his preliminary hearing testimony to be read into evidence. Defendant contends that this ruling was error for the reason that the state did not make a reasonable effort to locate and compel the appearance of Mr. Huddelston, as required by Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968) and Rule 30, subd. B, Ariz. Rules Crim. Pro., 17 A.R.S. (1956). We disagree. The trial court's ruling was based upon the testimony of two witnesses. Matt Hyland, an investigator for the County Attorney's Office, testified that he had made an extensive search and could not locate Huddelston. This statement was corroborated.

**382**

by Betty Jean Amos, the other victim, who testified that Huddelston had telephoned her one month prior to trial from somewhere in Utah and stated that he was not returning for the trial.[1] These two witnesses provided ample support for the trial court's ruling. State v. Stuard, 104 Ariz. 305, 452 P.2d 98 (1969); State v. Head, 91 Ariz. 246, 371 P.2d 599 (1962). Barber v. Page, *supra*, is not applicable for the reason that under the facts of this case the specific Utah address of Huddelston was not reasonably available to the County Attorney. Owens v. Eyman, 434 F.2d 1062 (9th Cir. 1970), *approving*, State v. Owens, 103 Ariz. 541, 447 P.2d 233 (1968).

■■ Appellant next contends that the trial court erred in permitting Jean Green to testify, over objection, that the defendant had made certain threatening statements in her presence when he learned that she planned to testify for the prosecution. Appellant concedes that generally attempts by a defendant to suppress or falsify testimony by bribes, threats, or other undue influence is admissible as showing a consciousness of guilt. State v. Adair, 106 Ariz. 4, 469 P.2d 823 (1970). Appellant, however, argues that the statements which he made to Jean Green were so vague as to lack any reasonable inference as to his guilt and therefore should have been excluded as being irrelevant. *Cf*. People v. Terry, 57 Cal.2d 538, 21 Cal.Rptr. 185, 370 P.2d 985 (1962). We believe the subject statement to be relevant. The defendant told Jean Green that "I should kill all three of you", at a time when she and two other witnesses to the crimes were present. This we believe created a strong inference as to what the defendant meant by the statement.

The judgment is affirmed.

EUBANK, and JACOBSON, JJ., concur.

---

1. Huddelston's preliminary hearing testimony reveals that he is an itinerant fruit picker.