Daniel Gordon SELFRIDGE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–13.

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1980.

**238**

Stanley D. Monroe, Appellate Public Defender, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, and William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

The appellant, Daniel Gordon Selfridge, was convicted of Kidnapping, in violation of 21 O.S.1971, § 741, in the District Court of Tulsa County, in Case No. CRF–77–2665, on March 10, 1978. His sentence was ten (10) years' imprisonment with a recommendation by the jury that he receive psychiatric care.

The alleged victim, H.S., who was four (4) years old at the time of the incident, testified that the appellant forced her into his car, which was green with black interior, and took her for a ride. She also testified that the appellant touched her private parts before letting her out of the car. Her description of her kidnapper, whom she identified as the appellant, included tattoos on his arms, which she identified in court.

The mother of H.S. testified that her daughter came running down the street, screaming hysterically, in the late afternoon of September 15, 1977. She stated that her daughter told her that a man had taken her for a ride in his green car, after which she called the police. H.S. described her kidnapper to the police as a heavy set white male with curly dark brown hair, who had tattoos on both arms and who drove a green car with a black interior.

Of the eight errors alleged on appeal, only two of them require discussion. The first is the appellant's contention that the jury was improperly impaneled and the second is that the trial court improperly permitted the introduction by the State of other crimes.

■ A hearing was held on March 8, 1978, before the Honorable Margaret Lamb, to determine the merits of the appellant's Motion to Quash the Jury Panel selected under the supervision of Judge Raymond Graham on March 6, 1978. The appellant contends that the Judge, in effect, asked for volunteers from the panel of prospective jurors to serve as panel members.

While excusing panelists may fall within the judge's discretion for purposes of expediency, 38 O.S.Supp.1979, § 21, the appellant's argument also has a basis in 22 O.S. 1971, § 633, by proof of a material departure from the procedures established by law, such deviation resulting in prejudice.

In light of the appellant's failure to demonstrate any prejudice flowing from this alleged irregularity, see *Escobedo v. State*, Okl.Cr., 545 P.2d 210 (1976), further evidenced by his failure to exercise all of the peremptory challenges permitted by statute, relief cannot be granted. We feel constrained to say, however, that it is not clear to this Court why the lower court felt compelled to deviate from the statutorily defined method of selecting a jury panel.

■ This Court is concerned, however, about the introduction of evidence of other incidents and crimes throughout the trial of this case. Not only was the State permitted to introduce evidence of other incidents with young girls other than the victim of this crime, but it also introduced evidence of an alleged molestation of this victim, although the appellant was not being tried for that crime. We will first consider the collateral incidents.

Four of the seven State's witnesses told of incidents which allegedly occurred three weeks following the kidnapping. In fact, the first three witnesses at trial testified exclusively about these other incidents. The defense properly entered a Motion in Limine to prevent this evidence and also interposed timely objections to the testimony.

The stories of other incidents involved alleged offers of a ride by this appellant to two young girls. A third witness testified that he had seen and overheard this appellant offer a ride to one of the girls. This evidence was obviously introduced to prove the appellant's propensity for the commission of this type of offense. What it fails

to do, however, is to overcome the prejudice inherent to such testimony so that any probative value it may have had was clearly outweighed by its damaging effect. Thus, it is not legally relevant.[1]

Applying the same principles to this factual situation as this Court applies to other crimes evidence, we must conclude that there is not a sufficient nexus to tie this crime with the incidents occurring three weeks subsequent to September 15, 1977, and that the admission of testimony regarding these other incidents is not safeguarded by any of the five (5) exceptions to the prohibition against other crimes. *Atnip v. State*, Okl.Cr., 564 P.2d 660 (1977). The other incidents established neither motive nor intent; and absence of mistake is not an issue. This is not a "common scheme" case because these incidents are not "so related to each other that proof of one tends to establish the other." *Burks v. State*, Okl.Cr., 594 P.2d 771 (1979), citing *Atnip*, supra, at 772. Finally, the identity of this appellant is not properly established by the testimony of these witnesses to the later incidents. The victim had already identified the appellant and described his car so that evidence of other alleged instances was not only cumulative but also dangerously prejudicial. This court cannot conclude that the conviction of this appellant was based wholly upon the evidence of the kidnapping of H.S.

As for the evidence of a purported molestation, its introduction was also improper. On retrial, the State is admonished to consider the suggestion for joinder of counts in 22 O.S.1971, § 436, as set forth in the special concurrence to *Dodson v. State*, Okl.Cr., 562 P.2d 916 (1977), if that evidence is to be offered as arising out of the same transaction.

The judgment and sentence is, therefore, REVERSED and REMANDED to the District Court for proceedings consistent with this opinion.

CORNISH, P. J., concurs in results.

BUSSEY, J., dissents.

1. For the current law on relevancy, see 12 O.S. Supp.1979, §§ 2401, 2402, 2403.