John Franklin WILLS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-80-416.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1981.

James W. Fransein, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Reta Strubhar, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, John Franklin Wills, hereinafter referred to as the defendant, was convicted in Tulsa County District Court, Case No. CRF–78–3382, of Manslaughter in the Second Degree, After Former Conviction of a Felony, was sentenced to nine (9) years' imprisonment, and he appeals.

On December 23, 1978, while residing at the Tulsa YMCA, the defendant and James Rogers became involved in a heated exchange of words. Rogers had made homosexual advances toward another resident of the YMCA, Bruce Flick, who was in a leg cast at the time and could not physically defend himself against Rogers. Flick requested assistance from the defendant who responded by confronting Rogers and trading insults with him. Flick, a witness to the event, testified that the defendant struck the victim two or three times and kicked him in the head and stomach as he lay on the floor. Approximately one hour later the defendant encountered the victim again, knocking him to the floor and repeatedly kicked him in the head and stom-

ach. Flick also observed this second encounter, which left the victim unconscious, and Flick placed the victim in his room where he was later discovered dead.

An autopsy, performed the following afternoon by the Tulsa County Medical Examiner, revealed that the death of Rogers was caused from lacerations to his spleen which had resulted in internal hemorrhaging.

■ In one of several assignments of error the defendant contends that the prosecutor informed the jury of his prior conviction for robbery by reading to the jury both pages of the information at the beginning of trial. The defendant alleges that he was prejudiced thereby, since the existence of a prior conviction should not have been conveyed to the jury until the second stage of the trial.

It is entirely clear from a reading of the record that the defendant had, sometime prior to trial, waived a bifurcated proceeding and agreed to stipulate to his former conviction.[1]

1. "MR. BURNS: Your Honor, the district attorney, of course, has just finished making his opening statement. I never noticed it before, but the allegation of the second page is that he received a four-year sentence on a robbery charge. Of course, we are all aware and the Court will take judicial notice of the statutes of the State of Oklahoma to the effect that the minimum sentence provided for robbery charges is five years in the State penitentiary. We have before us here at the bench what I anticipate will be a State's exhibit in which is the judgment and sentence in the alleged second page concerning the alleged second page allegation and it does in fact reflect a four-year sentence for the crime of robbery by two or more persons. Based on this, it would appear that the judgment and sentence is void and being an impossibility in law and that we would at this time move that the jury be admonished to disregard the district attorney's opening statement. We would move for a mistrial. MR. LA SORSA: I have called for the statute if we would just have a minute. THE COURT: The statute says ten. Ten minimum, but they have construed it to mean—they have reduced it. MR. BURNS: Well, at any rate, it doesn't—I was unaware of the ten-year minimum statute, but at any rate, it does not carry four years, that's an impossibility. MR. LA SORSA: The sentence was administered by the court and it is proper as far as what we have alleged in the second page as having occurred. The fact that the prior judgment and sentence may have been below the minimum doesn't make the fact that he was not convicted. MR. BURNS: Our contention is that the judgment and sentence is void, the conviction is void and it is an impossibility in law. THE COURT: I think it is a matter, of course, that—what I'm thinking is that it was probably—it could probably have been larceny from the person. MR. BURNS: Let's check the docket sheet. MR. LA SORSA: It was originally filed as attempted robbery by force according to Mussemman's notes on January 9, 1975. The defendant with attorney amended to Title 21, § 7, pled guilty, sentenced to four years, two plus two. Case called for arraignment. The defendant present in open court and I'm reading from the docket sheet, January 9, 1975, case called for arraignment. Defendant present in open court was represented by Allen Pease. State represented by Musseman. And the reporter was Becky Crow. State amended to robbery by two or more persons and the defendant enters plea of guilty and the court accepts the plea of guilty and defendant waives right to appeal and defendant waives right to PSI and defendant sentenced to four years in OSP to serve two years and two years under the supervision of the Department of Corrections, Probation Division. Defendant requests immediate transportation, age twenty-one. Defendant remanded to custody of Sheriff R.W.G. are the initials. THE COURT: Okay. The court considers that it is not void, but that it would have been subject to being attacked by either party at the time. MR. LA SORSA: Now we have a problem because he's going to stipulate to the former conviction. We have agreed to that. THE COURT: He stipulated that he did receive a conviction but he's not stipulating to the legality. Now that it's been brought up. MR. LA SORSA: But I don't have to prove the second page. MR. BURNS: Well, this goes— THE COURT: I would think that you have formally amended the offer of proof to submit this into the first stage of the proceeding by the records and that the—that you would be allowed to challenge the validity of the judgment and sentence. MR. LA SORSA: Okay, but this becomes a question of law. THE COURT: That's what I say. It doesn't make any difference as far as the jury is concerned. MR. BURNS: I would like to stipulate what happened but not the validity of it. Is that acceptable?

In *Jones v. State*, 527 P.2d 169 (Okl.Cr. 1974), we held that it is within the trial court's discretion to allow a defendant to waive bifurcated proceedings, and to try, in a single stage, an offense charged after a former conviction of a felony, and we reaffirmed that holding in *Avants v. State*, 544 P.2d 539 (Okl.Cr.1976). The defendant, having agreed to a one stage proceeding and having failed to voice an objection to the prosecutor's charge to the jury at the beginning of the trial, waived any error resulting therefrom.

■ This brings us to the defendant's contention that his prior conviction was void since he received a sentence which was less than that allowed by statute. This argument is frivolous and totally without merit. It is well settled in this State that a defendant will not be heard to complain of errors which are made in his favor and are harmless to him. See *Cornett v. State*, 40 Okl.Cr. 172, 267 P. 869 (1928), and the cases cited therein.

■ In his next assignment of error the defendant argues that the prosecutor commented on his right to remain silent, in violation of his constitutional guarantee under the fifth amendment to the United States Constitution. The allegedly improper reference was simply, as revealed by the record, a well taken objection to an improper question posed by the defense counsel. The trial court sustained the objection thereto and we do not find that a direct or indirect reference to the defendant's right to remain silent occurred.[2] See *Hays v. State*, 617 P.2d 223 (Okl.Cr.1980); and, *United States v. Bennett*, 542 F.2d 63 (10th Cir. 1976).

In his next assignment of error the defendant argues that the court erred in admitting evidence that he had paid $100.00 to witness Flick to leave the State and be unavailable for trial. He contends that the admission of such evidence violated 12 O.S. Supp.1980, § 2404 of the Oklahoma Evidence Code and *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979).

■ The precise question here presented has never been directly addressed by this Court and it must therefore be resolved by reviewing the disposition of similar but not identical issues by this Court, and by the decisions of our sister states. Evidence of a defendant's flight has long been held admissible as tending to show consciousness of guilt. *Farrar v. State*, 505 P.2d 1355 (Okl. Cr.1973). A defendant's attempt to hide his identity has been held admissible as a circumstance bearing on consciousness of guilt. *Almerigi v. State*, 17 Okl.Cr. 458, 188 P. 1094 (1920). A number of jurisdictions have held that efforts of an accused to

MR. LA SORSA: Yeah.
THE COURT: Okay. Exception allowed to the defendant.
MR. BURNS: By that I don't intend to waive any objection, if that is a void judgment and sentence, I mean.
THE COURT: Allowed.
MR. BURNS: Stipulated to it as an invalid one or valid, I mean."

2. Q. Did you have an opportunity, sir, to see and talk with John Wills that morning?
A. I did.
Q. What, sir, was his, if he had any, what was his reaction to what had happened the night before?
MR. LA SORSA: I'll object. It is self-serving. I don't have a chance to cross examine the sayer.
MR. BURNS: I object to that objection and ask that the jury be admonished and move for a mistrial.
THE COURT: Denied.

MR. BURNS: If I may address the objection then, Your Honor. State of mind is an exception to any rule for just about any and that's what I'm going after.
THE COURT: You're calling on this witness to determine the state of mind of another person.
MR. BURNS: Of my client, Your Honor, which is relevant and admissible in this case.
THE COURT: What was his outward countenance or what his physical reaction was, but not going to determine his state of mind. What he said. What he did.
MR. BURNS: Are you ruling that I cannot ask what he said?
THE COURT: No, I'm—your question was what was the reaction of the Defendant.
Q. What, sir did John tell you?
MR. LA SORSA: Excuse me. I object on the grounds it is hearsay as far as the State is concerned.
THE COURT: Overruled.

influence, bribe, or cause the absence of a witness' attendance at trial is admissible as a relevant circumstance tending to show guilt. See *Staggs v. State*, 51 Ala.App. 203, 283 So.2d 652 (1973); *State v. Carter*, 16 Ariz.App. 380, 493 P.2d 926 (1972); *People v. Casper*, 25 Mich.App. 1, 180 N.W.2d 906 (1970); *State v. Russell*, 62 Wash.2d 635, 384 P.2d 334 (1963). In *State v. Stufflebeam*, 260 N.W.2d 409 (Iowa 1977), it was held that an attempt by a defendant to improperly influence a witness has independent probative value on the issue to be tried. Actions by a defendant, such as flight to avoid arrest, procuring perjured testimony, attempts to destroy evidence and attempts to cause the absence of a witness from appearing at trial, are admissible as tending to establish the guilt of the accused. In the case of *Smith v. State*, 142 Ga.App. 1, 234 S.E.2d 816 (1977) it was stated:

> "The defendant contends that the trial court erred in overruling objections and motions for mistrial as to testimony concerning the defendant's threats which were made in an attempt to prevent certain witnesses from testifying. There was no error in the judge's rulings, however. Evidence of an act by an accused, intended to obstruct justice or avoid punishment for the crime for which he or she is on trial, is admissible if the act constitutes an admission by conduct." (citations omitted).

An admission by conduct is a separate and distinct concept. An attempt by a party to improperly, even illegally, influence a witness is thought to be an admission by conduct. Such an admission does have independent probative value on the issue to be tried. See *State v. Stufflebeam*, supra. We hereby adopt the rule of our sister states that an effort by an accused to directly or indirectly suppress or destroy evidence is relevant as a circumstance tending to show guilt. It may be shown that an accused attempted to influence, bribe, or cause the absence of a witness' presence at trial. The trial court did not err in permitting the testimony of Mr. Bruce Flick concerning the payment to him of $100.00 by the defendant, so that he would be unavailable at trial. However, we emphasize that it is appropriate, in admitting such evidence, to give a cautionary instruction to the jury regarding its limited purpose. We note that such an instruction was not given in the instant case, but assume no error occurred since no such instruction was requested. If a defendant wishes evidence admitted for a single purpose to be limited solely to such purpose, he must ask for an instruction so limiting it. *Stedman v. State*, 568 P.2d 350 (Okl.Cr.1977); *Barnhart v. State*, 559 P.2d 451 (Okl.Cr.1977).

The defendant also claims that the trial court erred in admitting the testimony of Bruce Flick, for the reason that notice to him was not given as required under this Court's decision in *Burks*, supra. This evidence was newly discovered by the prosecution and was made known to the defendant immediately.[3] The defendant did not challenge the district attorney's claim that the evidence was newly discovered, rather, to the contrary, he admitted the same. Thus, there was no violation of the *Burks* rule in this case.

The defendant's final enumeration of error is that an accumulation of irregularities in the trial of this case, when considered as a whole, deprived him of a fair proceeding. In *Haney v. State*, 503 P.2d 909 (Okl.Cr.1972), we held that if the previous assignments of error are without merit then the final contention that there was an accumulation of error is without merit. We stated in that case:

---

**3.** MR. LA SORSA: And Judge, for the record, so the record is complete on this point, I just recently talked with this witness this morning as soon as I came by this information I advised Mr. Burns orally I probably known about it for a period of two hours, three hours and Tom probably an hour after I was notified. I noti- fied Mr. Burns everything that I knew about this.

MR. BURNS: I have—that is absolutely the truth. I'm in a position where I have an objection to make and derelict in not making it, but what Mr. La Sorsa says is absolutely true.

"... Inasmuch as we have found the first three assignments of error to be without merit, it follows that the fourth assignment is similarly without merit."

Also see: *Ramsey v. State*, 558 P.2d 1179 (Okl.Cr.1977); and *Washington v. State*, 554 P.2d 1194 (Okl.Cr.1976).

The record being free of any error which would justify modification or reversal, the judgment and sentence appealed from is affirmed.

We do however direct the trial court to enter an order nunc pro tunc correcting the judgment and sentence on file in this case to coincide with the verdict returned by the jury, to-wit, Manslaughter in the Second Degree, After Former Conviction of a Felony.

BRETT, P. J., concurs in results.

CORNISH, J., concurs.