**Timothy Clinton OWENS and Gary Allen Short, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**Nos. F–82–546, F–82–547.**

Court of Criminal Appeals of Oklahoma.

June 15, 1983.

Ezellmo Opio Toure, Asst. Appellate Public Defender, Norman, for appellants.

Jan Eric Cartwright, Atty. Gen., Eric Hermansen, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellants were tried in the District Court of Osage County conjointly for the offense of Escape from a Penal Institution. They were convicted and sentenced to a term of five (5) years' imprisonment.

### I.

The first assignment is that the trial court erred in overruling appellants' motions to quash the jury panel, alleging that the panel was not selected in strict

compliance with the provisions of 22 O.S. 1981, § 595. Section 595 provides that:

> Before the name of any juror is drawn, the box must be closed and shaken, so as to intermingle the ballots therein. The clerk must then, without looking at the ballots, draw them from the box.

At the hearing on the motion for new trial, the appellants presented testimony from the deputy court clerk who drew the names from the box. The deputy clerk testified that she drew one name at a time out of the jury ballot box, but that she did not shake the box either before or after each name was pulled therefrom because she was not told to do so. She stated that it was her first time to draw a jury panel and that she was very nervous. Her testimony further revealed that the ballots were not placed in any particular order inside the box nor stacked up, but were laying loose in the box, which had a plastic cover on it; and that the ballots were each folded in such a manner that she could not see the names upon them. We have stated that the purpose of the various statutory methods for selecting the jury has always been to insure that the jurors will be drawn fairly and impartially and that there be no suspicion that the jurors have been secretly hand-picked. *Escobedo v. State,* 545 P.2d 210 (Okl.Cr.1976) and cases cited therein. This Court construes statutes in such a manner as to effectuate their purposes. In light of the fact that the appellants have shown no evidence of a thwarting of the purpose of the statute in the instant case, either intentional or otherwise, and that they have failed to discharge their burden of showing that the alleged irregularity has caused them to suffer material prejudice, relief cannot be granted in this case. 22 O.S.1981, § 633, *Selfridge v. State,* 617 P.2d 237 (Okl. Cr.1980); *Escobedo v. State,* supra. We would note, however, our inability to discern why the trial court deviated in any way from the statutory method for selecting the jury panel, and we reiterate that the better practice is for the trial courts to follow the provisions of the statutes.

## II.

■ The appellants' second proposition is that they were not allowed a sufficient amount of time to consult with their counsel and were thereby denied their Sixth Amendment right to effective assistance of counsel. Appellants have failed to include this proposition of error in their motion for new trial. Furthermore, the appellants urged prior to trial that they had been denied their right to a speedy trial. Just prior to doing so, both of the appellants stated that they were satisfied with the counsel's representation of them and that they desired to go forward with the trial in spite of the fact that their counsel was without the aid of the preliminary hearing transcript. This proposition of error is without merit.

## III.

As their third assignment of error, the appellants allege that the trial court abused its discretion in admitting immaterial evidence, the effect of which was more prejudicial than probative. The evidence consisted of a letter, a diagram of Conners Correctional Center (from which the appellants escaped) and a pair of homemade "wirecutters," all of which were found during an inventory of the appellants' cells. The appellants assert that these items had no probative value as to whether they did in fact escape, as all of the items were found in one or the other's cell between the time of their escape and the time of their recapture. The letter, found in Timothy Owens' cell, referred to a planned escape, although it was unclear whether the signature upon it was "Tim" or "Jim." The diagram of the tunnel complex at Conners, also found in Timothy Owens' cell, allegedly depicted a possible escape route. The apparently homemade "wirecutters" were found in Gary Short's cell.

■ Clearly, none of these items were actually employed in the escape itself, as all were located in the appellants' cells during the time of their escape. And, as it was conceded at trial, the appellants' escape route was not that which was depicted in

the diagram. Considering the overwhelming evidence of guilt in the case, it is unclear what relevance this evidence had to any material fact in issue. *Bowman v. State,* 585 P.2d 1373 (Okl.Cr.1978). Although the evidence would have been relevant and material in proving that the appellants were planning an escape and had the means to do so, there was no question from the other evidence presented that the appellants did in fact escape. However, this Court has stated that the relevance and materiality of evidence being matters within the sound discretion of the trial court, we will not overturn such rulings absent a clear showing of abuse of discretion resulting in prejudice to the accused. *Lee v. State,* 637 P.2d 879 (Okl.Cr.1981) and cases cited therein. The overwhelming independent evidence of guilt in this case convinces this Court that any error in admitting the complained of items into evidence was harmless beyond a reasonable doubt and, in light of the fact that the appellants each received sentences of five (5) years' imprisonment, worked no substantial prejudice upon the appellants. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

## IV.

■ The appellants' final assignment of error is that the trial court improperly excluded evidence offered by them for the purpose of mitigation of punishment. The appellants sought to introduce evidence concerning the length and nature of punishment they had already received from correction officials at the Oklahoma State Penitentiary at McAlester immediately following, and as a result of, their escapes. Prior to trial and following defense counsel's offer of proof as to proposed testimony of two inmate witnesses regarding institutional acts toward the appellants as a result of their escapes, the trial court stated that the testimony would be allowed if a conviction resulted. Subsequent cross-examination of another witness by defense counsel elicited detailed information concerning the length of the appellants' incarceration in disciplinary segregation and the nature of restrictions and loss of privileges associated with disciplinary segregation. Upon the State's attempts on redirect to ascertain whether the appellants had received institutional punishment on any prior occasions, the trial judge struck the testimony of the witness in its entirety and admonished the jury not to consider it in their deliberations. Subsequent attempts to offer the testimony of the two inmate witnesses were denied by the trial court.

■ Section 443a of Title 21 of the Oklahoma Statutes (1981), provides that additional punishment may be given prisoners who escape from penal institutions while incarcerated there, provided such punishment is not cruel or unusual. In *Conway v. State,* 483 P.2d 350 (Okl.Cr.1971), we stated that solitary confinement did not amount to cruel and unusual punishment where, as here, the prisoner was not physically abused and was familiar with the resulting special treatment for escapees prior to his escape. We find that such institutional punishment is a matter separate and apart from any consideration of judgment and sentence imposed upon a conviction in a court of competent jurisdiction, and therefore, is not a proper matter for consideration in mitigation of punishment for such criminal conviction.

THEREFORE, and for the foregoing reasons, the judgments and sentences are AFFIRMED.

BUSSEY, Presiding Judge, specially concurring:

I agree that the judgments and sentences should be affirmed and wish only to observe that the challenge to the jury panel came too late in the motion for new trial. Title 22 O.S.1981, § 634 states:

A challenge to the panel must be taken before a jury is sworn, and must be in writing, specifying plainly and distinctly the facts constituting the ground of challenge.

This statute has been long and uniformly construed to preclude a challenge to the jury panel made after the verdict has been rendered. See, *Queenan v. Territory,* 11

Okl. 261, 71 P. 218, 61 L.R.A. 324, affirmed, 190 U.S. 548, 23 S.Ct. 762, 47 L.Ed. 1175 (1903); see also, *Johnson v. State,* 559 P.2d 466 (Okl.Cr.1977).