**Donald Raymond BARRETT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–6.**

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1984.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Alan B. Foster, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Donald Raymond Barrett, was convicted in Tulsa County District Court, Case No. CRF–81–3504, of Burglary in the Second Degree, After Former Conviction of Two or More Felonies, was sentenced to twenty (20) years' imprisonment, and he appeals.

On Sunday, October 4, 1981, a suspect, positively identified in court as the appellant, broke and entered into Henshall's Auto Parts store in Tulsa, Oklahoma. Police officers, who were dispatched to the scene when the store's burglary alarm was tripped, observed the appellant inside the building. A metal bar not belonging to Henshall's was found just inside the broken window that the appellant had used to gain entry. The manager of the store, Patrick Harrelson, was called to the store when the alarm sounded. He and a co-worker unlocked the front door and allowed a police officer to enter the building. A short while later, the appellant was found hiding on top of a bathroom inside the store and was apprehended.

 In his only assignment of error, the appellant contends that his mere presence inside of the building, notwithstanding the State's evidence establishing his breaking and entering, is insufficient to prove any "intent to steal," a necessary element of the crime charged. We do not agree. This Court has held in *Robson v. State,* 611 P.2d 1135 (Okl.Cr.1980), that all elements of the crime may be proven by circumstantial evidence. In the instant case, the method used to gain entry and the fact the incident occurred on a Sunday when the store was not open to the public constitute strong circumstantial evidence against the appellant that he did break and enter with the intent to steal. Accordingly, this assignment of error is without merit.

For the reasons set forth above, the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.