**Joseph William DUNAGAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–810.**

Court of Criminal Appeals of Oklahoma.

April 28, 1988.

Paula M. Smith, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Joseph William Dunagan, appellant, was charged with Second Degree Burglary and Shooting with Intent to Kill, After Former Conviction of Felonies, in the District Court of Kay County, Case No. CRF–83–59. The jury found appellant guilty on both counts and set punishment at thirty (30) years' for each count, and the judge sentenced appellant in accordance with verdict. From the aforesaid judgments and sentences, appellant appeals.

Gary Wood, half-owner of O–Kan Bit Company, testified that shortly after midnight on February 22, 1983, the burglar

alarm at his business was activated, sending him a recorded telephone message. Mr. Wood dressed and drove his pickup, without using headlights, into the driveway of the business, which was located next to his home. As he arrived, he observed a person running away from the building to the driver's side of a waiting car. Mr. Wood switched on the truck's headlights and began ramming his pickup into the front end of the car, attempting to detain the car until police arrived. A person sitting in the passenger side of the car leaned out of the window and fired a pistol several times at the truck, striking it at least three times, but missing Mr. Wood. Mr. Wood disengaged the truck bumper from the other vehicle and the car fled. Tonkawa police arrived at this point, but were unable to follow the car. Mr. Wood described the person entering the car and he stated that the fleeing vehicle was a brown, full-sized Ford or Pontiac. Car grill pieces were found in the O–Kan Bit Company driveway by Mr. Wood and Kay County Deputy Sheriff Robert Randol. Mr. Wood found his business ransacked and a .357 Magnum was missing.

Deputy Randol testified that shortly thereafter, he returned to Tonkawa for fuel and then received a call from Noble County, where two deputy sheriffs, a civil defense director, a child, and a farmer were being held hostage on a county road. Two men, in ski masks, were present at the scene, along with a brown, four-door Ford sedan. Deputy Randol obtained a shotgun from the trunk of his car and persuaded the masked men, one of whom was appellant, to surrender.

■ In his first assignment of error, appellant alleges that the trial court erred in admitting pieces of a car grill into evidence as a proper chain of custody was not established. Appellant maintains that the placement of the pieces in the trunk of Deputy Randol's car for one day, before they were bagged and tagged, raises the suspicion of alteration. Admissibility of evidence is an issue left to the discretion of the trial judge, and this Court will not overturn an evidence ruling absent an abuse of discretion. *Owens v. State*, 665 P.2d 832 (Okl.Cr. 1983). In this case, the grill pieces were sufficiently preserved to maintain their original condition, especially since they were not of the nature conducive to tampering, unlike microscopic fibers, contraband substances or other types of evidence

where alteration would not be readily apparent. *See Driskell v. State*, 659 P.2d 343 (Okl.Cr. 1983); *Blades v. State*, 619 P.2d 875 (Okl.Cr. 1980). Moreover, it is proper for the trial court to admit the evidence despite the lack of an undisputed chain of custody and let any doubt concerning identification go to the weight of the evidence. *Caffey v. State*, 661 P.2d 897 (Okl.Cr. 1983).

■ Appellant's second assignment argues that the trial court erred in permitting the introduction of evidence of other crimes. Appellant asserts that the hostage incident occurring in Noble County after the burglary did not establish motive, intent, absence of mistake or accident, identity or a common scheme or plan, and, thus, was not a satisfactory exception to the other crime evidence rule. Yet, the trial judge specifically stated that the evidence did tend to establish identity, falling within the listed exceptions. (Tr. 19). Moreover, the hostage situation could have been viewed by the trial court as a part of the full story of the burglary, commonly known as the "res gestae" exception. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980). The res gestae exception differs from the other listed exceptions to the other evidence rule; in the listed exceptions, the other offense is intentionally proven, while in the res gestae exception, the other offense incidentally emerges. *Carter v. State*, 698 P.2d 22 (Okl.Cr. 1985). In this case, the acts complained of are connected to the chain of events of which the burglary and shooting is a part, and are thus admissible even though the full story tends to show the commission of other crimes.

■ In his third assignment of error, appellant asserts that if the other crime evidence is admissible, the trial court still erred by failing to give a cautionary instruction as required by *Burks v. State*, 594 P.2d 771 (Okl.Cr. 1979). Appellant's offered, but refused, instruction provided that the other crime evidence could only be utilized for the purposes of establishing identity. The court instead permitted instruction on utilization of the evidence to establish motive, intent, and absence of mistake or accident, in addition to identity. In *Bruner*, this Court upheld an instruction which listed the possible exceptions to the other evidence rule, as in this case, without specifying the particular exception relied on by the judge in admitting the evidence. *Bruner*, 612 P.2d at 1375. Further, the

appellant should have requested the standard cautionary instruction as to all of the purposes for which such evidence could be considered. *See* Oklahoma Uniform Jury Instruction No. CR–807. Failure to do so waives the objection on appeal that a cautionary instruction should be given. *Wills v. State*, 636 P.2d 372 (Okl.Cr. 1981).

■ Appellant's fourth assignment of error alleges that the evidence presented was insufficient to prove him guilty of the crimes charged beyond reasonable doubt. While appellant is correct that much of the State's evidence was circumstantial, elements of a crime may be proven by circumstantial evidence. *Barrett v. State*, 674 P.2d 59 (Okl.Cr. 1984). "The weight, credibility, and probative effect of such evidence is for the jury...." *Burks v. State*, 568 P.2d 322, 324 (Okl.Cr. 1977). In this case, the evidence was sufficient to sustain the verdicts. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr. 1985).

■ In his fifth assignment of error, appellant maintains that his sentence is excessive due to prejudice on the part of the jury. However, the sentences imposed were well within the range provided by 21 O.S.1981, § 51(B). This Court does not have the power to modify a sentence unless it shocks the conscience of the Court. *Young v. State*, 701 P.2d 415 (Okl.Cr. 1985).

Judgments and sentences are AFFIRMED.

BUSSEY, J., concurred.

PARKS, J., specially concurs.

PARKS, Judge, Specially Concurring:

I write separately to state that it is sufficient to deny appellant's second assignment by holding that the hostage incident was admissible to prove identity. The further analysis concerning the so-called "res gestae" exception is purely dicta, as it is unnecessary to the resolution of this issue. I therefore do not join in that part of the opinion.