George Edward **AINESWORTH**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–728.

Court of Criminal Appeals of Oklahoma.

June 24, 1975.

Loy R. Davis, Nowata, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jahn D. Rohrer, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, George Edward Ainesworth, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Nowata County, Case No. CRF–73–55, for the offense of Grand Larceny in violation of 21 O.S.1971, Sec. 1701. His punishment was fixed at a term of two (2) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, the State's first witness, Lawrence Shipley, testified that he was the County Commissioner for Nowata County and in charge of the County barn in Lenapah, Oklahoma. He stated that his duties required him to visit the barn every day of the week and upon arriving there the morning of Saturday, December 8, 1973, he discovered that the lock on the front door had been broken off and some gasoline, batteries and wrenches taken. It was not until the following Monday that they discovered some welding equipment had also

been taken. All of this was reported to the Sheriff. From permanent records maintained in his office, they were able to determine that the serial numbers of the stolen welding equipment were as follows:

1 blow pipe    – S/No. L548158
1 regulator    – S/No. 1995568
1 regulator    – S/No. 1990922
1 welding torch – S/No. L503498

He stated that the equipment was practically new, valued at approximately $165.00, and that he had given no one permission to take them. He further testified that the defendant had never been employed at the County barn. At the time of trial, the welding equipment had been returned and was in use at the County barn.

The State's second witness, William Henry Sutton, Sheriff, Nowata County, testified that about 9:08 A.M. on December 8, 1973, he was notified by Lawrence Shipley that the County barn had been broken into. He went to the barn and it was determined that about ten (10) gallons of gasoline was taken from a dump truck and about sixteen (16) gallons taken from the electric pump. Nothing else was found to be missing at that time. They attempted, without success, to take fingerprints off the truck and pump. At approximately 7:00 P.M. that evening, he received a phone call from Detective Flowers of the Coffeyville, Kansas, Police Department. Detective Flowers asked him if anyone had lost any welding equipment in Nowata County. At that time, he had no report of such a loss. The following Monday, he received another call from Lawrence Shipley informing him of the loss of the welding equipment and the other items. After obtaining the serial numbers of the equipment, he and a deputy went to the Coffeyville Police Department. Upon arriving, he, his deputy and a Detective Welch, went to the residence of a Mr. Levi Tosh. Mr. Tosh had the welding equipment in question and he told Sheriff Sutton that he had paid the defendant forty dollars ($40.00) for a 1963 maroon over white Ford car (a junker), and the welding equipment, which had been in the trunk of the car. The above transaction allegedly took place between 4:00 P.M. and 5:00 P.M. on Saturday, December 8, 1973. After giving Mr. Tosh a receipt, Sheriff Sutton took the welding equipment into his possession. At this time, the Sheriff attempted to locate the defendant, and he found him and his wife near their home. He informed them that he had a warrant for the arrest of the defendant's wife and that he wanted to talk to the defendant on another matter. When they arrived at the Sheriff's office, Mrs. Ainesworth was booked into jail and the Sheriff interviewed the defendant. After advising the defendant of his Miranda rights, he questioned him about the burglary in question. The defendant acknowledged selling the car to Mr. Tosh, but denied knowing anything about the welding equipment. The defendant stated that the lock cylinder was gone from the trunk and that he had not opened the trunk since purchasing the car and knew nothing of its contents.

In cross, he stated that Detective Flowers told him that an informant had called about Mr. Tosh purchasing the car and welding equipment.

The State's third witness, Levi Tosh, testified that he lived at 929 Southern, Coffeyville, Kansas, and that he was in the salvage business. Sometime between 4:00 P.M. and 6:00 P.M. on December 8, 1973, the defendant came to his house with two (2) little boys. The defendant wanted to sell him an old car. He could not offer enough money for the car so the defendant showed him the welding equipment in the trunk of the car and made him an offer. He stated that he loaned the defendant his pocket knife to use in opening the trunk. He related that the defendant offered to sell him the car and the welding equipment for forty dollars ($40.00) because he needed the money to get his wife out of jail or

something. He took the car and the welding equipment to show his father for the purpose of borrowing the money to pay the defendant. He gave the defendant thirty dollars ($30.00) and told him that he would give him the remaining ten dollars ($10.00) later. He then gave the defendant and his children a ride back to their home. At this point, he identified the defendant as the man from whom he bought the car and the welding equipment. He further testified that Detective Welch and Sheriff Sutton came to his house the following Tuesday and he gave them the welding equipment. He has had no further contact with the defendant since that day.

On cross-examination, in response to the question, "Didn't it strike you as unusual to buy a car and a welding torch for $40.00?" he said, "At the time I really didn't think about it. I knew he was needing money and I figured he was selling it just because he was needing money. More than that, I didn't think about where he got it. I didn't care." (Tr. 36)

The State's fourth witness, Charlie Don Cartwright, testified that he traded the defendant a 1963 Ford which had a white bottom and a maroon top, for a Chevy. The transaction took place on November 29, 1973. He stated that he had lost the key to the trunk and had to pull the cylinder out so it could be opened with a screwdriver. The defendant was aware of this because at the time they traded cars he gave the defendant a screwdriver and showed him how to open the trunk. He testified that there was no welding equipment in the trunk at the time he delivered the car to the defendant. At this point, he identified the defendant and testified that he was the same person he traded cars with.

The State's final witness, Christopher David Swafford, testified that he lived in Nowata, Oklahoma, and was a welder for the County and worked in the County barn at Lenapah, Oklahoma. He stated that he used the welding equipment in question on Friday, December 7, 1973, and that it was in the barn when he went home at 4:30 P. M. Upon returning to work on Monday, December 10, 1973, at 8:00 A.M., he discovered the welding equipment was missing. At this point, the State rested its case.

The defendant was the only witness to take the stand in his behalf. He testified that on December 8, 1973, he took his Ford to Coffeyville, Kansas, and sold it to Mr. Tosh so he could buy groceries for his children. The car was a 1963 Ford, white with a maroon top. There was nothing in the car except a bumper jack and tire tools in the back seat. He offered to sell the car for forty dollars ($40.00) and Mr. Tosh drove it to his father's house to borrow the money. Mr. Tosh came walking back and said the car had burned up. He then gave the defendant thirty dollars ($30.00), and a ride to Delaware, Oklahoma, where he bought some groceries and thereafter took him to his mother's house. He stated that the first time he ever saw the welding equipment was at the District Attorney's office.

On cross-examination, he testified that Mr. Cartwright did show him how to open the trunk but that he never did because there was never any reason to. He stated that he did not offer to sell the car and the welding equipment for forty dollars ($40.00) but rather, he offered to sell the car which had two (2) new tires and a new electric fuel pump and was running, for forty dollars ($40.00). He testified that he was the same Eddie Ainesworth who was convicted in the District Court of Nowata County on May 15, 1964, of the crime of Grand Larceny and was sentenced to serve a term of two (2) years. Further, he stated that he was the same Eddie Ainesworth who was sentenced by the District Court of Nowata County on September 28,

1965, to serve a term of two (2) years on conviction of the crime of Grand Larceny After Former Conviction of a Felony. At this point, the defense rested its case.

Defendant's sole proposition of error alleges that the evidence at trial, which consisted of circumstantial evidence, was insufficient to warrant the conviction of grand larceny. At the outset, we would observe that the mere possession of recently stolen property is not sufficient to convict the defendant of larceny, but when such a fact is supplemented with substantial facts inconsistent with the idea that said defendant obtained the goods in an honest manner, it then becomes a question of fact for the jury to pass upon. See *Jones* v. *State*, Okl.Cr., 468 P.2d 805 (1970). This means that although there may be a lack of eyewitness proof that the defendant took the welding equipment in question, guilt may be proved through the use of circumstantial evidence. In the instant case, the evidence was presented that the defendant was in possession of the stolen goods, that he sold them within twenty-four (24) hours of the taking of said goods and that they were transported and sold outside of the state from which they were taken. Where there is competent evidence in the record from which the jury may reasonably and logically find the defendant guilty, the weight, credibility and probative value of such evidence is for the jury and not within the province of the Court of Criminal Appeals. See *Roberts* v. *State*, Okl.Cr., 479 P.2d 623 (1971); *Box* v. *State*, Okl.Cr., 505 P.2d 995 (1973).

Accordingly, after a careful review of the record, we observe that the trial court correctly instructed the jury as to the concept of law applicable to the fact situation presented and that the evidence was sufficient to support the verdict of the jury. For all of the above and foregoing reasons, we find the judgment and sentence appealed from is hereby *affirmed*.

BRETT, P. J., and BLISS, J., concur.