**Samuel Rayfael BURKS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–926.**

Court of Criminal Appeals of Oklahoma.

Aug. 19, 1977.

James E. Conatser, Bartlesville, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern, for appellee.

## OPINION

**PER CURIAM:**

The Appellant, Samuel Rayfael Burks, hereinafter referred to as defendant, was charged, tried before a jury in a two-stage proceeding and convicted in the District Court of Washington County, Case No. CRF–75–387 for the crime of Burglary in the Second Degree After Former Conviction of a Felony. Punishment was assessed at a term of fourteen (14) years under the direction and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in accordance with the jury verdict the defendant has perfected his timely appeal.

Briefly stated, the evidence adduced at trial is as follows, to-wit: Washington County Sheriff George Hughes testified that on June 17, 1975, he and several other

people were in the area of Washington County northeast of Copan conducting a search. The home of Jo Allen Jeter was within this area.

Jo Allen Jeter then testified that he and his family lived two and one-half miles east of Copan and that on June 17, 1975, he and his family were at home until 1:00 p. m. when they went to visit relatives. Before leaving they locked all doors to the house and garage. Locked inside the garage was a green, 1972 Chevrolet Nova. One set of house and car keys was left on the dresser in the master bedroom. Later that afternoon in response to a telephone call they proceeded to the police station in Coffeyville, Kansas, where they were asked to identify some guns and clothing worn by two suspects. He identified the guns and the clothing worn by the suspects as belonging to him and that they had been in his home when he left. He then proceeded to the local garage to pick up his green Nova. Inside the car he observed two caps and a package of cookies which had also been in his home when he left. When he returned home he observed that a window in the southwest bedroom had been broken and the house had been entered. There was broken glass on the inside of the bedroom and his guns and caps were missing.

William L. Edwards, a telephone company employee, then testified that he was working on a telephone cable located about three-quarters of a mile from the Jeter home on the 17th. Sometime between 1:15 and 1:30 p. m. he observed a dark green Chevrolet sport coupe come down the road with a black man driving. He also saw some movement on the right side of the front seat and he wrote down the license number of the vehicle. Approximately two minutes later, Dewey Police Chief Bus Williams drove by and the witness gave him the information concerning the vehicle.

Washington County Undersheriff Glen Codding then testified that on the afternoon of the 17th at approximately 4:00 p. m. he went to the Jeter residence to investigate a break-in. When the Jeters arrived they entered the house and found the garage door and the door leading from the garage to the kitchen both open. Broken glass was found in the bedroom and a bedroom window was broken. He was advised by the Jeters that some guns and clothing were missing.

Tommie E. Wilson, Undersheriff for Montgomery County, Kansas, then testified that at approximately 2:00 p. m. on the 17th he was on routine patrol in Coffeyville, Kansas, approximately 20 miles from Copan. He observed a vehicle fitting the description of a car reportedly stolen out of Oklahoma, a green, 1972 Chevrolet Nova. He followed the car until it pulled over and parked. The two occupants, the defendant and another black male, left on foot. Other units in the area were alerted and Wilson then checked the vehicle. In plain view were a shot gun, a .22 automatic rifle, a clothes basket containing some clothes and 2 baseball type caps. Wilson was thereafter called to the local bus station where he identified two men as being the two occupants of the car. During the trial Wilson identified the clothing worn by the defendant on the day in question. When the defendant was booked into jail he gave his name as "Robert Johnson".

Officer Walter Chronister of the Coffeyville Police Department then testified that on June 17th he had occasion to go to the Coffeyville bus station where he questioned and subsequently arrested the defendant and another black male. The defendant gave an incorrect name when he was booked into jail. Both men had grass in their hair.

Helen Jeter then testified to essentially the same facts as her husband. She further related that while at the police station in Coffeyville she identified certain clothing belonging to her husband which the two men were wearing. After returning home they checked the barn where they found that an old mattress had been taken down and it looked like someone had been lying on it.

Detective Don Stockton, a detective with the Bartlesville Police Department, then testified concerning receiving evidence

from the Coffeyville Police Department and returning it to Bartlesville. Some of the evidence consisted of clothing taken off the defendant. The State then rested.

After a demurrer to the evidence was overruled the defense rested without putting on any testimony or evidence. The jury returned a verdict of guilty. During the second stage of the proceeding the State submitted proof concerning the defendant's prior conviction for first degree robbery in Missouri. After deliberation the jury returned a verdict assessing punishment at a term of fourteen (14) years' imprisonment.

The defendant's first assignment of error urges that the trial court erred in admitting as evidence testimony from which the inference of defendant's involvement in or implication with other crimes or criminal acts could be drawn. The assignment of error was raised in *Agee v. State*, Okl.Cr., 562 P.2d 913 (1977) wherein this Court recently upheld the burglary conviction of the defendant's accomplice who was tried separately.

■ In *Agee,* supra, we cited *Songer v. State*, Okl.Cr., 464 P.2d 763 (1969), for the proposition that evidence of other crimes in order to be admissible must come within one of the well recognized exceptions to the rule. As in *Agee,* supra, a thorough reading of the transcript has failed to reveal the type of evidence in this case which the general rule is intended to exclude. There is only an implication of another crime which is obvious only to defense counsel. To extend the protection of the rule to every possible implication which might be conceived by defense counsel is to extend the rule too far. The defendant's first assignment is without merit.

■ The defendant's second and final assignment of error urges that the evidence presented by the State was insufficient to prove the essential elements of the crime and therefore failed to support the conviction. Again, this issue was raised in *Agee,* supra, where essentially the same evidence was presented on behalf of the State. It

was established at trial that there had been an unauthorized entry of the Jeter home, that several items of clothing, guns and an automobile were taken and that within 30 minutes after the break-in and within three-fourths of a mile of the Jeter home the car was seen driven by a black male. Shortly thereafter the defendant, a black male, was seen driving and then leaving the car in Coffeyville. The defendant was wearing clothes belonging to Mr. Jeter and a search of the vehicle revealed the guns and other items stolen from the Jeter home. It is our opinion that the above constitutes sufficient circumstantial evidence from which the jury might reasonably and logically find the defendant guilty of burglary. The weight, credibility and probative effect of such evidence is for the jury and this Court will not disturb the verdict for insufficiency of evidence. *Logan v. State*, Okl. Cr., 493 P.2d 842 (1972); *Luker v. State*, Okl.Cr., 552 P.2d 715 (1976); and *Ainesworth v. State*, Okl.Cr., 537 P.2d 440 (1975). It is therefore our opinion that the defendant's final assignment of error is also without merit.

From an examination of the record it is our opinion that the defendant received a fair and impartial trial before a jury. No substantial right of the defendant was prejudiced and the judgment and sentence appealed from should be, and the same is hereby *AFFIRMED.*