Edward Juill **LEWIS, Appellant,**

v.

The **STATE of Oklahoma, Appellee.**

No. F-77-412.

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1978.

John T. Elliott, Public Defender, John M. Stuart, Chief, App. Div., Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Catherine Gatchell Naifeh, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Edward Juill Lewis, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF–76–26, with the offense of Uttering a Forged Instrument, After Former Conviction of a Felony, in violation of

21 O.S.1971, § 1592. He was tried by a jury, convicted, and sentenced to the State penitentiary for a term of ten (10) years. From said judgment and sentence defendant has perfected a timely appeal to this Court.

The evidence at trial showed the following. At approximately noon on the 3rd of January, 1976, a man identified at trial as the defendant, presented a check to Mr. King at King's Red Bud Food Store in Oklahoma City. Mr. King recognized the check as one on which he had received notice as being a bad check and asked the defendant for identification. The defendant handed him a driver's license bearing the name of Lewis Brown. Mr. King stamped the check with regiscope No. 22927, and a regiscope picture was taken of the check and the defendant. The police were notified, and Mr. King stalled the defendant until they arrived. The defendant was placed under arrest.

The check had been drawn on the account of Stricks Tire Company by one J. R. Strickland. The Stricks Tire Company account had been closed and no one by the name of J. R. Strickland ever had been authorized to draw on the account. J. R. Strickland was never located.

In his first assignment of error, the defendant contends that the trial court abused its discretion in failing to grant him a continuance so he could hire other counsel when he learned that his previously retained counsel had not ordered a necessary transcript of the preliminary hearing.

The defendant was represented by counsel throughout all of the proceedings. This case originally came up for trial in June of 1976, at which time the defendant failed to appear. This case was next set for trial on the 22nd of September, 1976, but the defendant was granted a continuance to allow him to procure a new lawyer. When the case again came up for trial on November 3, 1976, the defendant requested a continuance on the grounds that the counsel of his choice was unwilling to take the case otherwise.

In *Allcorn v. State*, Okl.Cr., 392 P.2d 66 (1964), this Court reiterated the general rule that the granting or denying of a motion for continuance is within the sound discretion of the trial court. We will not disturb the action of the trial court unless it can be shown that it was arbitrary or capricious. Furthermore, we stated in *Cothrum v. State*, Okl.Cr., 503 P.2d 1298 (1972), that a defendant may not indefinitely delay his trial through a series of changes in legal counsel. Clearly, the continuance from September 22, 1976, to November 3, 1976, should have provided the defendant with sufficient time to arrange for different counsel.

Furthermore, it is apparent from a review of the transcript that the defendant was adequately represented during trial. Furthermore, the defendant cannot now complain of lack of a transcript of preliminary hearing when no request was made until the first day of trial, especially in view of the fact that trial counsel conferred with the attorney who was present at preliminary hearing concerning said proceeding. In addition, there has been no showing of prejudice incurred by the lack of said transcript. Therefore, we find no abuse of discretion in the trial court's denial of a continuance.

The defendant next objects to the admission of the signature card and the testimony regarding the card on the basis that the State's failure to comply with the provisions of 12 O.S.1971, § 501, renders the card and the testimony about the card inadmissible as hearsay.

First, 12 O.S.1971, § 501, has no application to the question of whether the testimony and signature card should have been admitted. That statute applies only to accounting records, and it does not create an exception to the hearsay rule but merely establishes what criteria must be met in order to insure the reliability of such accounting records if they are otherwise admissible under the so-called "shopbook rule."

Hearsay evidence is an out of court statement which is admitted in court

for the purpose of proving the facts asserted therein. It is objectionable because its reliability depends in large part on the veracity of the person who is unavailable for cross-examination. Here, the signature card purports to show what signatures the bank was authorized to recognize in transactions on the account and was introduced to show what those authorized signatures were. Therefore, the card itself constitutes hearsay evidence. Nevertheless, the card was admissible under the business records exception to the hearsay rule. In *Horn v. Sturm,* 408 P.2d 541 (1965), the Supreme Court of this State reiterated that hospital records are admissible in evidence where they have been kept in the ordinary course of business as an essential part of the system of business. The Court based its decision on the fact that such hospital records are generally dependable and accurate, as they would be of no benefit either to the doctors and hospital staff or to the patient otherwise. By the same token, we hold that a bank signature card is admissible because it is kept in the usual course of business and as such is generally reliable. Here, the card was introduced by an officer of the bank involved who testified that the card had been made in the usual course of business, that that type of card is maintained on every account at the bank, that it was the latest card on file at the bank on that account, and that he was one of seven officers at the bank who had access to the cards. Considering banking practices, under the circumstances here we hold that the witness was competent to sponsor the introduction of the card.

The defendant asserts as his third assignment of error that the trial court erred in failing to sustain the defendant's motion for mistrial and motion to strike the inculpatory statement made by the defendant when confronted by the police officer in King's Red Bud Food Store. He contends that said statement was obtained prior to the giving of the required *Miranda* warning and, thus, was inadmissible as evidence.

■ First, we note that the defendant failed to timely object to the introduction of this testimony. The testimony complained of was elicited by the State on direct examination. However, no objection was raised at that time, nor was any objection made during cross-examination, redirect examination, or recross-examination, and no objection was made until after the State had rested its case. Therefore, we find that the defendant has failed to preserve this issue.

■ Defendant's fourth and final assignment of error is that the trial court erred in allowing the State, after defendant's arraignment, to amend the second page of the information from assault with a deadly weapon with intent to kill to assault with a dangerous weapon.

Title 22 O.S.1971, § 304, specifically provides that:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

This case is analogous to *Simmons v. State,* Okl.Cr., 549 P.2d 111 (1976), wherein we held that no substantial rights of the defendant were violated by the amendment of the information for the purposes of correcting the former conviction to reflect the lesser charge for which the defendant had actually been convicted, and in this case, as in *Simmons,* supra, we find no prejudice to the defendant from the amendment of the information.

For the above and foregoing reasons the judgment and sentence of the trial court is hereby *AFFIRMED.*

BUSSEY, P. J., and CORNISH, J., concur.