Richard George ALGER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–656.

Court of Criminal Appeals of Oklahoma.

Dec. 4, 1979.

Rehearing Denied Jan. 3, 1980.

Ed McConnel, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Richard George Alger, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–78–864, for the offense of Taking Indecent Liberties with a Child Under the Age of Fourteen Years, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1123. His punishment was fixed at fifteen (15) years imprisonment. From said judgment and sentence an appeal has been perfected to this Court.

The evidence of the State reflects that on the afternoon of February 15, 1978, the defendant's seven-year-old step-daughter returned to the family residence in Oklahoma City. She went in to take a bath, whereupon the defendant took off his clothes and got into the bath tub with her. The defendant washed her "down there," and asked her to wash his penis. They heard the sound of a car and got out of the bath tub. After the car drove away, they went into the bedroom. After trying to put vaseline between her legs, defendant laid down on the bed and threatened to whip her if she did not sit down on him. He put his finger "down there" to see how far it would go, but they heard the sound of another car and he told her to put on her clothes.

David Easley stopped by the residence on the afternoon in question to see if his fiancée, the victim's sister, was home. He heard the voices of the defendant and the victim coming from the bathroom. Defendant was heard to ask the victim to wash him in "vulgar places." Easley left the residence and went to report the conversation to the victim's mother. Easley, the mother, and other relatives returned to the residence and observed the defendant nude and the victim putting on her clothes.

Defendant asserts in his first assignment of error that the trial court erred in refusing to give his requested instruction as to lesser included offenses of assault and battery and contributing to the delinquency of a minor. He argues that, because the testimony of the victim was "vague," the jury could have believed some of her testimony and not other parts and thus only find him guilty of a lesser included offense. We are of the opinion that this assignment of error is wholly without merit. The testimony of the victim was believable and uncontroverted. It was further corroborated by the testimony of David Easley, the victim's mother and others. Defendant did not testify nor did he produce any evidence in his defense. This assignment of error is without merit. See Carter v. State, Okl.Cr., 309 P.2d 737 (1957).

Defendant contends in his second assignment of error that the trial court erred in admitting evidence of other crimes. This evidence appears in the record as follows:

"Q. Now following your observations of the Defendant, did you hear him state anything to Pat or to you in your presence at that time?

"A. Pat was in the process of trying to locate or call the center. Of course, she was very upset." [Tr. 4].

Then during the testimony of the victim's mother:

"Q. As a matter of fact, did he (Rick) normally live there all of the time?

"A. No, he never spent a night there."

An finally when the same witness testified later in the trial as follows:

"Okay, do you remember saying to Mrs. Alger that there was definitely no charges that were to be filed?

"A. I remember I told Gwen that she ought to call Rick's parents and told her—tell them what happened since it happened before with him." [Tr. 99–100].

We are of the opinion that this testimony does not constitute such a specific reference to defendant's involvement in other offenses as to cause reversal. In dealing with a similar assignment of error in *Burks v. State*, Okl.Cr., 568 P.2d 322 (1977) we stated:

"In *Agee*, [v. State, Okl.Cr., 562 P.2d 913] supra, we cited *Songer v. State*, Okl.Cr., 464 P.2d 763 (1969), for the proposition that evidence of other crimes in order to be admissible must come within one of the well recognized exceptions to the rule. As in *Agee*, supra, a thorough reading of the transcript has failed to reveal the type of evidence in this case which the general rule is intended to exclude. There is only an implication of another crime which is obvious only to defense counsel. To extend the protection of the rule to every possible implication which might be conceived by defense counsel is to extend the rule too far." The second assignment of error is without merit. 568 P.2d at 324.

■ Defendant alleges in the third assignment of error that 21 O.S.1971, § 1123 is unconstitutional because it improperly distinguishes between males and females. The complained of portion of the statute reads as follows:

"Any male person over sixteen years or female person over eighteen (18) years of age who shall . . ."

Since the defendant is, by one account, 39 or 40 years old, and since the statute in question treats males and females above the age of 18 alike in their criminal responsibility, he has failed to establish a denial of equal protection because of sex discrimination between males and females of his age group. This assignment of error is without merit.

■ Defendant asserts in his final assignment of error that the trial court erred in overruling his demurrer to the evidence. The defendant argues that the testimony of the victim was contradictory and improbable and devoid of proper proof of his age. We must again disagree with defendant's assertions. As stated in the first assignment of error, we are of the opinion that the testimony of the victim was both believable and corroborated. Furthermore, Pat Grissom, defendant's wife, testified that defendant was "thirty-nine or forty, I don't know." [Tr. 60]. Such evidence, absent any evidence to the contrary, was sufficient to establish defendant's age. We would further observe that the jury had the opportunity to observe defendant during the course of the trial so as to have determined that he was an adult male over the age of 18. See *Rich v. State*, Okl.Cr., 266 P.2d 476 (1954).

We accordingly hold that the evidence is sufficient to support the verdict of the jury. Moreover, the record is free of any error that would justify modification or reversal and the judgment and sentence appealed from is *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.