**James Titus BRADSHAW, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–541.**

Court of Criminal Appeals of Oklahoma.

March 20, 1985.

Rehearing Denied April 12, 1985.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, James Titus Bradshaw, was convicted of First Degree Robbery, After the Former Conviction of Two Felonies, in Comanche County District Court, Case No. CRF–83–40, and was sentenced to thirty-five (35) years' imprisonment. He now appeals.

For the purpose of this opinion, we deem it unnecessary to set forth the facts.

The appellant raises three assignments of error, two of which were not raised in his motion for new trial.[1] Consequently, the two alleged errors have not been preserved for appellate review. See *Nutter v. State*, 658 P.2d 492 (Okl.Cr.1983); *McDuffie v. State*, 651 P.2d 1055 (Okl.Cr. 1982).

In his only assignment of error properly preserved for review, the appellant asserts that the trial court committed reversible error when it failed to instruct

---

1. See Appendix.

the jury that the prior inconsistent statements of the appellant's alibi witness could be used only to impeach her credibility as a witness. The record, however, reflects the appellant did not object to the court's instructions nor did he submit any requested instructions. We have previously held that in the absence of such a request, the appellant has waived error, if any. *Kelsey v. State*, 569 P.2d 1028 (Okl.Cr.1977); *Luckey v. State*, 529 P.2d 994 (Okl.Cr.1974). We have carefully examined the court's instructions and find that they adequately covered the subject of inquiry.

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, J., concurs.

BRETT, J., concurs in results.

### APPENDIX

 We have reviewed the two assignments of error for fundamental error and find that no error requiring modification or reversal exists.

A) In his first assignment of error, the appellant argues that the trial court erred in overruling his motion to suppress the State's key witness' in-court identification of him. The appellant asserts the in-court identification was based upon a prejudicial pretrial photographic lineup and pretrial identification. Based upon factors set forth in *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), we conclude the pretrial lineup was not overly suggestive as to make it unreliable. In the instant case, 1) the victim viewed the appellant in a lighted area at close range for one to two minutes; 2) the victim was reasonably cognizant of the appellant's actions moments prior to and during the robbery; 3) we note the victim was unable to identify the appellant from a police "mug shot" book. However, the record discloses the appellant's "mug shot" photograph was not a recent photograph of the appellant; 4) during the second photographic lineup, the victim immediately picked out the appellant's photograph and positively asserted, "That's him;" and 5) the victim never wavered from her identification of the appellant two weeks after the robbery and again during the preliminary hearing and trial. Consequently, under the totality of the circumstances the in-court identification was proper. See *Porter v. State*, 674 P.2d 558 (Okl.Cr.1984).

B) In his second assignment of error, the appellant maintains that the trial court erroneously excluded testimony of the appellant's former sister-in-law, Elvina Smith, that she observed "some man with a beard" point out the appellant and say, "That's him," as he got off the elevator just prior to the preliminary hearing. The record reveals that the State objected to the aforementioned testimony and a conference was held at the bench in which the State's objection was sustained. No formal offer of proof was ever made, and there is no evidence before this Court which demonstrates who the person was who made the alleged comment, nor that the comment was aimed specifically at the appellant, nor that the State's witness was even present at the time the alleged statement was made. Under these circumstances the appellant has failed to provide this Court with sufficient evidence to determine the issue raised. This Court will not presume error from a silent record.