**Vicki Jan THOMPSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–83–554.

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1985.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Vicki Jan Thompson, was convicted of two counts of Distribution of a Controlled Dangerous Substance, After Former Conviction of a Felony, Case No. CRF–82–4995, in Oklahoma County District Court, was sentenced to four (4) years' imprisonment and a fifty dollar ($50) fine on each count, sentences to run concurrently, and she appeals.

Police informant Ruth Jones testified that on September 6, 1982, she received a phone call from Vicki Jan Thompson, whom she positively identified in court as the appellant, and that Thompson informed her that she had just purchased some drugs and offered sale of these drugs to Jones. Informant Jones further testified that she made arrangements with Thompson over the telephone the following day to meet at Terry Corley's residence to consummate the sale. Jones then contacted Oklahoma City Narcotics Officer Kenneth Linn informing him of the "buy" that she had arranged with the appellant.

Officer Linn testified that on September 7, 1982, at approximately 5:00 p.m., he went to Corley's residence at Oakridge Vil-

lage Apartments, No. 249, accompanied by the informant, and that they were admitted inside by Corley. While Officer Linn waited in the livingroom, Corley and informant Jones went to a bedroom in the rear of the apartment where Jones testified that she witnessed the appellant, who was seated on the floor, hand drugs to Corley who took them out to Officer Linn. Linn testified that Corley handed him two plastic baggies, one containing marijuana and the other containing methamphetamine, as later determined by a forensic chemist. Corley then returned to the bedroom where informant Jones testified that the appellant asked Corley to go back into the livingroom and get money in payment for the drugs from Officer Linn. Linn testified that Corley returned shortly thereafter and requested fifty dollars ($50) for the marijuana and eighty dollars ($80) for the "crank" (methamphetamine). Officer Linn paid her and Corley returned to the bedroom where informant Jones witnessed Corley count the money out to the appellant. Linn and the informant then departed; the appellant was arrested from five to six weeks after the "buy".

Testifying in her own behalf, the appellant maintains that she made no agreement to sell drugs to the informant; that she was at Corley's apartment to pick up her vacuum cleaner, a claim corroborated by witness Vicky Coughram; that there were drugs on Corley's bed, but she did not know whom they belonged to; and that she did not hand any drugs to Corley nor did she accept any money in payment for the sale of drugs. The appellant further testified that she had previously been convicted of possession of amphetamines.

1. The record reveals the following colloquy:
   THE COURT: I want you to look these over. What says the defense.
   MR. HAMBRICH: We accept the Instructions as given.
   THE COURT: What about the State?
   MR. GINGRICK: No exceptions, Judge.
   THE COURT: Okay, we will consider the Instructions. (Tr. 93).
2. Even though the appellant has not properly preserved this assignment of error for appellate

## I.

In her first assignment of error, the appellant alleges that the trial court improperly failed to instruct the jury on the lesser included offense of Possession of a Controlled Dangerous Substance. However, the record now before us discloses that defense counsel specifically accepted the instructions submitted to the jury during trial, and that he did not request any additional instructions.[1] Any error concerning jury instructions is therefore waived on appeal. *Butler v. State,* 645 P.2d 1030 (Okl.Cr.1982).[2]

## II.

Thompson next complains that the trial court improperly allowed Narcotics Officer Kenneth Linn to testify as to hearsay information related to him by informant Jones. The record discloses that the prosecutor was permitted to question Linn, over objection, about conversation that he had with the informant concerning her account of drug sale transactions over the phone with Thompson and events which occurred in Corley's bedroom. We find that this testimony was not hearsay as it was not offered to prove the truth of any testimony, but was evidence offered to prove the fact that a statement was made by Thompson and that a conversation did occur between Corley and Thompson concerning the sale of drugs to Officer Linn. See, *Godwin v. State,* 625 P.2d 1262 (Okl.Cr.1981). Accordingly, this assignment of error is without merit.

## III.

In her third assignment of error, the appellant alleges that the trial court im-

review, we nonetheless find it to be meritless. As Thompson asserts as her defense that she had nothing whatever to do with the drug sales she was charged with, and the record is devoid of any evidence tending to prove that a lesser included offense was committed, the trial court properly did not instruct the jury on any lesser included offense. See, *Wade v. State,* 556 P.2d 275 (Okl.Cr.1976) and *Campbell v. State,* 640 P.2d 1364 (Okl.Cr.1982).

properly foreclosed a line of questioning in which she sought to impeach the informant's credibility. The record reveals that defense counsel asked the informant the following question during cross-examination to-wit:

Q. Let me ask you this. Have you tried as an officer, to sell them drugs since this incident? (Tr. 40).

The prosecutor's objection to the question was then sustained. Being of the opinion that the objected to line of questioning was not probative of the informant's truthfulness, the trial court ruled properly in sustaining the State's objection. *Carpenter v. State*, 530 P.2d 1049 (Okl.Cr.1975). This assignment of error is therefore meritless.

## IV.

 In Thompson's final assignment of error, she argues that the trial court erroneously admitted evidence of other crimes. The record discloses, however, that Thompson did not object during trial to any alleged other crimes evidence, thereby not properly preserving this assignment of error for appeal. *Lewis v. State*, 574 P.2d 1063 (Okl.Cr.1978).

Thompson additionally complains that the trial court improperly neglected to give the jury a limiting instruction on the use of other crimes evidence. As we previously noted from the record now before us, Thompson specifically accepted the instructions submitted to the jury as outlined by the trial judge, thereby waiving any error concerning instructions on appeal. *Butler v. State*, supra. Accordingly, this assignment of error is without merit.

Further, the informant's complained of testimony that Thompson was afraid that someone was "narcing" on her is not evidence of another crime, but at most, only a possible implication of another crime. We have held that this Court will not extend the protection against using evidence of other crimes to every possible implication which might be preserved by defense counsel. See, *Alger v. State*, 603 P.2d 1154 (Okl.Cr.1979). See also, *Mahorney v. State*, 664 P.2d 1042 (Okl.Cr.1983).

For the foregoing reasons, the judgment and sentence appealed from is hereby AFFIRMED.

PARKS, P.J., and BRETT, J., concur.