**Nicky Dean SIMMONS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-85-237.**

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1988.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. Le Blanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Nicky Dean Simmons, was convicted in the District Court of Oklahoma County, Case No. CRF–84–3492 of Burglary in the First Degree After Former Conviction of a Felony, and Oral Sodomy After Former Conviction of a Felony, for which he received sentences of 500 years' imprisonment on each count, to run concurrently. He appeals raising seven assignments of error.

The evidence reveals that on July 22, 1984 in the early morning hours, A.V.P. was awakened in her Oklahoma City home by a noise. After investigating she called the police. While she was still talking to them, the appellant, a neighbor, entered the room with a pillow case over his head, and socks on his hands. He grabbed the seventy-nine year old victim around the throat, hung up the phone and forced her into the bedroom where he forced her to commit oral sodomy on him. While in the act the police arrived and the appellant fled to the bathroom where he was apprehended and placed under arrest.

During the trial, the appellant testified that he heard his neighbor scream, ran to her house, went inside, heard voices outside, got "paranoid" and took off running.

As his first assignment of error the appellant complains that the trial court erred in refusing to allow him a copy of the police incident report signed by the prose-

cutrix which allegedly charged attempted sodomy. The record reveals that during cross-examination of the victim, after the fact that she had signed an incident report was established, the defense counsel moved for a copy of the report, and the prosecutor objected. The trial court denied the motion. However, the testimony of the officer who filled out the report reveals that he examined it during his testimony, and that upon defense counsel's renewal of his motion, the court allowed him to review the report. Therefore, the appellant cannot show how he was prejudiced by the first denial of his motion, and we find no error. See Ozbun v. State, 659 P.2d 954 (Okl.Cr. 1983).

■ As his second assignment of error the appellant urges that he was improperly bound over for trial because the only witness who could identify him stated that he had viewed mug shots before the preliminary hearing. However, the record also reveals that the witness was the arresting officer, and had not only arrested, but also interviewed the appellant. He testified that he would have been able to pick out the appellant even if he had not viewed the mug shots. We have held:

When there is competent evidence in the record from which the magistrate, as a trier of fact, could reasonably conclude that there was probable cause to believe a crime was committed and that defendant committed it, the reviewing court will not interfere with the determination of the finder of fact. Tabor v. State, Okl. Cr., 582 P.2d 1323 (1978); Jones v. State, Okl.Cr., 557 P.2d 447 (1976).

Shriver v. State, 632 P.2d 420, 427 (Okl.Cr. 1980). After reviewing the preliminary hearing transcript, we find that there was sufficient evidence presented to bind the appellant over for trial. Accordingly, this assignment of error is without merit.

■ The appellant's third assignment of error contends that he was restricted in presenting his defense by the trial court when his landlord was not allowed to testify concerning another burglary in the area on the same night as the offense at bar. The refusal of evidence is a matter solely within the trial court's discretion and will not be disturbed on appeal unless a clear abuse of that discretion is shown. Camp v. State, 664 P.2d 1052 (Okl.Cr.1983). " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." 12 O.S.1981, § 2401. In spite of the appellant's contention, the record cited by the appellant reveals that defense counsel was trying to show that there may have been other burglaries in the area on that night. He made no offer of proof that there had been. Accordingly, the trial court properly sustained the objection as defense counsel could not show any connection to the offenses for which the appellant was convicted, or that any other offenses were committed. Title 12 O.S.1981, § 2104 provides:

A. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected, and:

* * *

2. If the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked.

Because the appellant did not show that any relevant evidence was excluded, this assignment of error has no merit.

■ In the next three assignments of error the appellant addresses alleged errors in his conviction on both counts of "After Former Conviction of Two or More Felonies," when the verdict forms should have read "After Former Conviction of a Felony." Although both verdict forms state "After Former Conviction of Two or More Felonies" we note the following: first, there was no objection to the instructions given, nor to the verdict forms. In fact, defense counsel stated on the record that he had no objection to the instructions and the court stated that no additional instructions were submitted. Any error is therefore waived. Thompson v. State, 705 P.2d 188 (Okl.Cr.1985). Second, the in-

structions stated for both counts that the punishment for one convicted of the respective offenses "AFTER FORMER CONVICTION of two or more felonies arising out of the same occurrence shall be sentenced to a term of imprisonment for not less than ten (10) years." This is the correct range of punishment for former conviction of one felony. *See* 21 O.S.1981, § 51(A)(1), amended 1985 Okl.Sess.Laws, ch. 112, § 3. Third, the two judgments and sentences recite the crimes as "After Former Conviction of a Felony." The appellant admitted during his testimony that he pled guilty to the four counts which were the basis of the former conviction charges. This Court finds that any error was harmless beyond a reasonable doubt, and that the evidence was sufficient to sustain the After Former Conviction of a Felony charges.

▆▆▆ In his last assignment of error the appellant maintains that he should not have been convicted on both counts because there was only one act or transaction and that under the law, the facts will only constitute one offense. This Court has addressed this issue numerous times. The law is that if each charge requires proof of a fact that the other does not, double jeopardy does not attach, and he may be convicted of both. *Smith v. State*, 651 P.2d 1067 (Okl.Cr.1982). Clearly, the crimes of burglary and oral sodomy require different elements of proof before a conviction can be obtained. This same issue was addressed in *Ziegler v. State*, 610 P.2d 251 (Okl.Cr.1980) where we found these two offenses to be separate. This assignment of error is utterly meritless.

The judgments and sentences are AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.