**Wendell Howard ROBINSON,**
**Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–86–299.

Court of Criminal Appeals of Oklahoma.

May 13, 1988.

Irven R. Box, Diane Clowdus, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Wellon B. Poe, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Wendell Howard Robinson, was tried by jury in Oklahoma County District Court, Case No. CRF–85–3767, and convicted of Robbery with a Firearm, After Former Conviction of Two or More Felonies (21 O.S.Supp.1982, § 652, 21 O.S.1981, § 51) before the Honorable James L. Gullett, District Judge. The jury set punishment at forty-five (45) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

Patricia Flores was working alone at Earl's Pawn Shop in Midwest City shortly before 9 a.m. on May 20, 1985, when two men entered the store. One of them pointed a gun at her. The other tied her hands behind her and took her to the back room while the first man took items from the store valued at approximately $16,000. On July 17, 1985, appellant called the pawn shop and said he had some information concerning the robbery. Appellant delivered some tickets issued by other pawn shops later that day, then more tickets the next day. Jewelry taken from Earl's was found in the other pawn shops. Additionally, three rings that appellant had given his girlfriend shortly after the robbery were also located in another pawn shop. On July 19, appellant notified police that he had information concerning the robbery. Appellant implicated an individual he called "Silk," from whom he had purchased some jewelry. However, appellant was unable to identify "Silk" from a photographic lineup. A week later, appellant confessed to participating in the robbery and identified "Silk" as Darrell Williams, also involved in the robbery.

Appellant first claims that he was denied a fair trial when evidence of other crimes was introduced during trial. He claims that evidence concerning the gun used in the robbery was improper because it was illegal for him, as a convicted felon, to possess a firearm. He further claims that testimony that he purchased rings from Williams shows the crime of receiving stolen property. After reviewing the record, we find that these assertions are without merit. Although the man from whom appellant bought the rings reportedly was "bragging about the Earl's robbery," that statement is not linked with anything showing that appellant knew that particular property was stolen. *See* 21 O.S.1981, § 1713. Additionally, nowhere in the testimony concerning appellant's purchase of the rings is there testimony that appellant had participated in the robbery. Regarding the weapon, no evidence was introduced in the guilt stage to show that appellant was a convicted felon. Other crimes that are obvious only to defense counsel are not inadmissible as evidence of other crimes. *Burks v. State*, 568 P.2d 322, 324 (Okla.Crim.App.1977).

Introduction of the weapon itself was also proper as the weapon used in the commission of the armed robbery. Being part of the "res gestae" of armed robbery, no notice of intent to introduce evidence of other crimes was necessary. *Burks v. State*, 594 P.2d 771, 772 (Okla.Crim.App. 1979). In the same testimony, evidence surfaced that appellant believed the weapon to be stolen, but the remark drew no objection and is waived for consideration on appeal absent fundamental error. *Bruner v. State*, 612 P.2d 1375, 1378 (Okla.Crim. App.1980). We see no such error here.

Appellant next claims that improper comments made by the prosecutor during closing argument denied him a fair trial. We note initially that in only one instance did defense counsel object to the remarks. Failure to object to the remarks waives consideration on appeal absent fundamental error. *McLeod v. State*, 725 P.2d 877, 881 (Okla.Crim.App.1986). No error of such magnitude is present in this record.

Appellant's counsel did object when the prosecutor opined that "there is no doubt" that appellant was the man who committed the robbery. However, the remark, when placed in context of the prosecutor's review of the evidence, is not so grossly improper that a reversal is warranted. Both defense counsel and the prosecution are allowed to argue all reasonable inferences from evidence in the record. *Johnson v. State*, 621 P.2d 1162, 1165 (Okla.Crim.App.1981). Appellant's contention is therefore without merit.

Therefore, the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.